## Commonwealth v. Rice.

*Criminal law — Threats — Prosecutor — Bodily harm—Act of March 18, 1909—Compromise of difficulties.*

1. Since the Act of March 18, 1909, P. L. 42, a justice of the peace does not become fully vested with jurisdiction to enter into a hearing of a surety of the peace case until he has afforded an opportunity and suggested to the parties the propriety of composing their differences.

2. In such case, until the justice has obtained jurisdiction, none can be acquired by the court through the return made to the court.

3. In a prosecution for threats, it is the duty of the justice, under the Act of March 18, 1909, to find, and his record must show, that the threats were maliciously made by defendant, and with intent to do harm, and the prosecutor is actually in danger of being hurt in body or estate.

4. The defendant cannot, by entering bond, waive the provisions of the statute that are required before the justice can enter upon full hearing and investigation of the facts.

5. No prosecution for threats can be instituted under the Act of March 18, 1909, by a person against whom the threats have not been directed.

6. The only person who can institute such a prosecution is the person against whom the threats were made.

Motion to quash information. Q. S. Greene Co., Dec. Sess., 1924.

*James J. Purman,* for motion; *O. R. Hughes,* for Commonwealth.

SAYERS, P. J., April 6, 1926.—And now, April 6, 1926, this matter came on to be heard, and defendant, by his counsel, James J. Purman, Esq., moves the court to quash the information in this case for the following reasons:

1. Because it appears from the information and justice's record that the justice failed to enter into a full hearing and investigation of the facts in this case, as required by section 1, Act of March 18, 1909, P. L. 42, and because of which failure to enter into such hearing the justice was unin-

formed and wholly unable to determine that the prosecutor's danger of being hurt in body or estate is actual and that the threats were made by the defendant maliciously and with intent to do harm, as required by the same section of said act.

2. Because it does not appear from the information and transcript of the justice's record that the justice afforded an opportunity and suggested to the parties the propriety of compromising their differences (before entering into a hearing), as required by section 3, Act of March 18, 1909, P. L. 42.

3. Because Thomas P. Connelly, being the prosecutor, and E. C. Cowell, William Hiltner and George Baysinger, being the persons against whom the threats are alleged to have been made, it was not within the power of the justice to afford an opportunity and to suggest to the parties the propriety of compromising their differences, as required by section 3, Act of March 18, 1909, P. L. 42.

4. Because the charge against defendant being surety of the peace, the only persons who could become prosecutors are the persons against whom the threats were alleged to have been made, and the prosecution entered by Thomas P. Connelly against defendant for threats alleged to have been made against others is void.

The information signed by Thomas P. Connelly, dated July 28, 1924, sets forth that "Thomas P. Connelly, upon oath administered according to law, deposeth and sayeth that at Franklin Township, in the County of Greene, on the 28th day of July, 1924, and divers times heretofore, Jeff Rice did threaten to do injury to E. C. Cowell, William Hiltner and George Baysinger and others, and by reason of such threats your affiant believes that the said E. C. Cowell, William Hiltner and George Baysinger and others are in danger of being hurt in person or estate; said threats being made to the assistants and employees of the affiant and made on or near the Pursley Creek Road, which is now being improved by the O. Laughlin Contracting Company, of which affiant is a member. Complainant therefore prays and desires that a warrant may issue and the aforesaid defendant may be arrested and held to answer this charge of surety of the peace."

The transcript returned therewith shows the following entry by the justice:

"And now, July 30, 1924, defendant arrested and brought—hearing waived; same day defendant enters bond in the sum of $300.00 with Noah Tennant as surety, conditioned for his appearance forthwith before the Court of Quarter Sessions."

The court, after inspection of these records, is of the opinion that the reasons set forth for quashing this information are good in law. Since the passage of the Act of 1909, a justice of the peace does not become fully vested with jurisdiction to enter into a hearing of a surety of the peace case until he has afforded an opportunity and suggested to the parties the propriety of compromising their differences; and until he has obtained such jurisdiction, none can be acquired by the court through the return made to the court. See Com. v. Young, 20 Dist. R. 191; Com. v. Cutsavage, 28 Dist. R. 736.

It appears from the record filed in this case that the justice did not afford the parties, prosecutor and defendant, an opportunity or suggest to them that they compromise their differences. It does not appear from the record that the persons whose bodies and estates were threatened, or are alleged to have been threatened, by the defendant, or either of them, were under any disability, and at least one, E. C. Cowell, to the knowledge of the court, is able to maintain his own prosecution in a case of this kind. Under these circumstances, the court is of opinion that the prosecutor in this case had no right

to institute such a proceeding, the threats not having been made against his person or estate.

It was also the duty of the justice to find, and his record should show, "that the threats were maliciously made by the defendant and with intent to do harm, and *the prosecutor* is actually in danger of being hurt in body or estate," as stated in the Act of 1909.

The matters raised by the first two reasons assigned have been frequently passed upon by the lower courts of this State. The district attorney called attention of the court to the fact that defendant waived his hearing before the justice of the peace and gave his recognizance to appear in this court, and, therefore, could not question the irregularities he now complains of in the information and transcript. We agree with the finding of the court in Com. *v.* Coxson, 18 Dist. R. 890, that the defendant cannot waive the provisions of the statute that are required before the justice can enter upon a "full hearing and investigation of the facts."

It is the duty of the justice, as provided by section 4 of the Act of 1909, "to afford an opportunity and to suggest to the parties the propriety of compromising their differences before entering into a hearing." The defendant cannot waive this requirement, nor should the justice take jurisdiction and proceed with a hearing until he has performed his duty in this respect; and this suggestion should be noted upon his record: Com. *v.* Levinthal, 16 Luzerne Legal Reg. 472; Com. *v.* Keeler, 13 Pa. Justices' Law Repr. 45; Com. *v.* Kraus, 1 D. & C. 531; Com. *v.* Keener, 30 Dist. R. 641.

In Com. *v.* Kern, 3 D. & C. 384, it has been rightfully held, in the opinion of this court, that the return must affirmatively show compliance with all the provisions of the Act of 1909, which in that opinion are specifically set out and suggested.

The third and fourth reasons for quashing this indictment raise questions which have not been passed upon heretofore by the courts of this State, so far as reported decisions disclose.

The court sustains the third reason to quash because the parties against whom the threats were directed, E. C. Cowell, William Hiltner and George Baysinger, are not the prosecutors in this case, and the justice, under the Act of 1909, could not have afforded to them and the defendant, Jeff Rice, an opportunity and suggested the propriety of compromising their differences, as required by said act, because such submission would have ignored Thomas P. Connelly, the prosecutor, who was a party to the proceeding; nor could such submission be made to Thomas P. Connelly, the prosecutor, and Jeff Rice, the defendant, because Connelly had no authority to act in this respect for the three men against whom the threats were directed. The parties to the proceeding, whose differences were to be compromised under the provisions of the act of assembly, are the prosecutor and the defendant.

The fourth reason for quashing the indictment denies the right of Thomas P. Connelly to maintain this prosecution because the only persons who could become prosecutors are the persons against whom the threats are alleged to have been made. We believe these objections are well taken and that the prosecution cannot be maintained by Thomas P. Connelly.

The first clause of section 6 of the Act of March 31, 1860, P. L. 432, provides that "the *person threatened* shall appear before a justice of the peace and attest, on oath or affirmation, that he believes that, by such threatening, he is in danger of being hurt in body or estate." This clause provides that the prosecutor shall be the person against whom the threats are directed. The Act of March 18, 1909, P. L. 42, also contemplates that the prosecution

Commonwealth v. Rice.

for threats shall be made by the person threatened, and there is no authority given to any other person by said act to maintain such a prosecution. The 1st section of the Act of 1909 provides that "the justice shall only bind over the defendant when the evidence shows to the satisfaction of the justice that the *prosecutor's* or *prosecutrix's* danger of being hurt in body or estate is actual." The 2nd section provides that certain things shall be done by the justice when the evidence fails to show that *the prosecutor* is actually in danger of being hurt in body or estate.

The second clause of section 6 of the Act of March 31, 1860, P. L. 432, provides that the prosecution of a person for going armed with an offensive or dangerous weapon may be made "on complaint of *any person* having reasonable cause to fear a breach of the peace therefrom." The complaint in this case was not made upon that ground, but because of threats made against E. C. Cowell, William Hiltner and George Baysinger, neither of whom were the prosecutors in this case.

And now, April 6, 1926, for the reasons set forth in the motion filed and in the opinion of the court, the defendant's motion to quash is sustained and the information is quashed, and the prosecutor, Thomas P. Connelly, is sentenced to pay the costs of this prosecution.

From S. M. Williamson, Waynesburg, Pa.